UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAMIRO LEMUS, on behalf of himself
and all others similarly situated,                              Docket No.:_____

                      Plaintiff,                                                  **COMPLAINT**

      - against -

NORTHERN TREE SERVICE, TODD PEZZEMENTI
and SHAWN PEZZEMENTI,

                      Defendants.
------------------------------------------------------------------------X

Plaintiff, Ramiro Lemus ("Plaintiff"), on behalf of himself and all others similarly situated, by his undersigned counsel, files this Complaint against Defendants Northern Tree Service, Todd Pezzementi and Shawn Pezzementi (each individually "Defendant" or collectively "Defendants"), and alleges and states:

## SUMMARY OF THE ACTION

1. Defendants failed to pay Plaintiff overtime as required by the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law and a result, Plaintiff is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and statutory penalties, and (3) attorneys' fees and costs.

2. Defendant Todd Pezzementi also assaulted Plaintiff.

3. Further, Defendants refused to pay Plaintiff his last week's wages.

## PARTIES

4. Plaintiff, Ramiro Lemus, is an adult individual and a resident of Rockland County, New York.

5. Defendant Northern Tree Service ("Northern Tree") is a New York business with locations in Stony Point, NY and Washingtonville, NY. Northern Tree provides tree care and removal services, constituting an "enterprise engaged in commerce" pursuant to the FLSA.

6. Defendant Todd Pezzementi is an adult individual, a New York resident and, upon information and belief, the President, Chairman, Chief Executive Office and/or controlling member of Defendant Northern Tree. Defendant Todd Pezzementi exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. With respect to Plaintiff and others similarly situated employees, he had the power to: (i) fire and hire, (ii) determine rate and method of pay, and (iii) otherwise affect the quality of employment.

7. Defendant Shawn Pezzementi is an adult individual, a New York resident and, upon information and belief, the President, Chairman, Chief Executive Office and/or controlling member of Defendant Northern Tree. Defendant Shawn Pezzementi exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. With respect to Plaintiff and others similarly situated employees, she had the power to: (i) fire and hire, (ii) determine rate and method of pay, and (iii) otherwise affect the quality of employment.

8. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

9. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

10. At all relevant times, Defendants knowingly and willfully refused to provide Plaintiff Workers' Compensation coverage required by law.

11. Plaintiff has fulfilled all conditions precedent to the instituting this action and/or such conditions have been waived.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1391.

13. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391, because, among other reasons, Defendants are located in the district.

## FACTUAL BACKGROUND

**A.  Overview**

14. Plaintiff, Ramiro Lemus, resides at 52 High Street, Garnerville, NY 10923.

15. Defendant Northern Tree Service is located at 12 Lindbergh Rd, Stony Point, NY 10980.  At times relevant hereto, Defendant had at least five (5) employees.

16. Plaintiff alleges that Defendants failed to pay overtime and failed to provide proper wage statements.  Plaintiff alleges that Defendants had a practice and policy of violating the law by not maintaining Workers' Compensation insurance coverage.

**B.  Background**

17. Plaintiff, Ramiro Lemus, was born in El Salvador.

18. Plaintiff had worked for Defendants in the past.  In or about September 2013, Plaintiff was again hired by Defendants to work as a tree cutter for Defendants.

19. Plaintiff was fired on July 21, 2014.

20. All of Defendants' employees were from Latin America. Upon information and belief, Defendants' employees were all undocumented aliens.

21. Defendants threatened to call immigration on Plaintiff and all other similarly situated employees if they complained about Defendants' illegal business practices.

22. Defendants threatened to fire Plaintiff and all other similarly situated employees if they complained about Defendants' illegal business practices.

23. At all relevant times, Defendants had five (5) or more employees.

**C. Unpaid Overtime, Failure to Provide Proper Wage Statements & Failure to Provide Workers' Compensation Insurance Coverage**

24. During his employment with Defendants, Plaintiff worked over 40 hours per week. During his employment with Defendants, Plaintiff often worked over 10 hours per day.

25. Plaintiff worked five, and sometimes six, days a week and averaged 50-55 hours per week.

26. Plaintiff was paid a fixed salary of $1,500 per week, with $400.00 paid by check and $1,100 paid in cash.

27. Plaintiff was not paid overtime for any hours worked past 40 in a work week.

28. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York state overtime rate (of time and one-half) to Plaintiff and other similar situated employees.

29. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other similar situated employees.

30. Defendants threatened Plaintiff and all others similarly situated, that complaining about not receiving overtime or a proper wage statement would result in being fired.

4

31. Defendants threatened Plaintiff and all others similarly situated, that complaining about Defendants' business practices would result in Defendants' calling immigration.

32. Plaintiffs has retained The Braunstein Law Firm, PLLC to represent him and other similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

**D.   Plaintiff's Work Accident, the Assault, and Outstanding Wages**

33. On July 21, 2014, Plaintiff was working for Defendants.

34. On July 21, 2014, Plaintiff was hurt, cutting his hand with a chainsaw, during the course of his employment.

35. Defendants had previously threatened Plaintiff and all others similarly situated, that complaining about Defendants' illegal practices would result in being fired and/or Defendants calling immigration.

36. Plaintiff's injury was going to reveal Defendants' practice and policy of violating the law by not maintaining Workers' Compensation insurance coverage.

37. On July 21, 2014, Defendants fired Plaintiff.

38. On July 21, 2014, Defendant Todd Pezzementi assaulted Plaintiff.

39. As a result of the assault, Plaintiff received an Order of Protection against Defendant Todd Pezzementi.

40. Defendants refused to pay Plaintiff's wages for time worked during his last week of employment.

## FIRST CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act)

41. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

42. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. And all relevant times Plaintiff was employed by Defendants within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, Defendants had gross annual revenues in excess of $500,000.

45. Defendants violated the FLSA and damaged Plaintiff.

## SECOND CAUSE OF ACTION
### (Violation of the New York Labor Law)

46. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

47. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New Yorker Labor Law, §§ 2 and 651.

48. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours a work week.

49. Defendants knowingly and willfully operated their business with a policy of not providing the proper wage statement to Plaintiff and other similar situated employees, in violation of the New York labor law.

50. Due to the Defendants New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys fees and costs and disbursements of this action pursuant to New York Labor Law §663(1).

51. Defendants violated the New York Labor Law and damaged Plaintiff.

### THIRD CAUSE OF ACTION
### (Unpaid Wages)

52. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

53. Defendants refused to pay Plaintiff for time worked before he was fired.

54. Plaintiff has been damaged by Defendants' conduct.

### FOURTH CAUSE OF ACTION
### (Assault & Battery)

55. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

56. Defendant Todd Pezzementi intended to cause harmful/offensive contact with Plaintiff or apprehension of such contact.

57. Defendant Todd Pezzementi exhibited a threat of violence and had the apparent present ability to execute his treat.

58. Plaintiff was apprehensive of immediate harmful/offensive contact.

59. Defendant Todd Pezzementi made harmful/offensive contact with Plaintiff, striking Plaintiff, kicking Plaintiff and continuing to assault Plaintiff after he was unconscious.

60. Plaintiff has been injured and damaged by Defendants' conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSAA and the New York Labor Law;

B. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices policies and pattern set forth herein;

C. An award of unpaid overtime compensation due under the FLSA in the New York Labor Law;

D. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

E. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

F. An award of statutory penalties, and pre-judgment and post-judgment interest;

G. An award of compensatory, statutory, punitive and all other damages available

H. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

I.        For such other and further relief as this tribunal deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.


Dated: July 17, 2015                                            **THE BRAUNSTEIN LAW FIRM, PLLC**

                                                                By:   *Michael L. Braunstein*
                                                                        Michael L. Braunstein
                                                                3 Eberling Drive
                                                                New City, New York 10956
                                                                (845) 642-5062