UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMIRO LEMUS, on behalf of himself and all others similarly situated,

Plaintiff,

- against -

TODD PEZZEMENTI, SHAWN PEZZEMENTI, and NORTHERN TREE SERVICE,

Defendants.

15CV5592 (NSR)(LMS)

<u>ORDER AND REPORT AND RECOMMENDATION</u>

TO: THE HONORABLE NELSON S. ROMÁN, U.S.D.J.

Your Honor referred this case, in which Plaintiff asserts claims for violations of the Fair Labor Standards Act and New York Labor Law, unpaid wages, and assault and battery, to the undersigned for general pretrial supervision. Docket # 13. This Order, a portion of which includes a Report and Recommendation, resolves Plaintiff's renewed Rule 37 motion to strike the answer of Defendants Todd Pezzementi and Northern Tree Service (collectively referred to herein as "Defendants"). Docket # 56.[1] Defendants have not opposed the motion. For the reasons that follow, the motion is **granted**, Defendants' answer is stricken, and the undersigned orders the entry of a partial judgment as a sanction against Defendants for their failure to comply with the Court's orders to appear for a deposition and grants Plaintiff permission to apply for attorneys' fees as a sanction pursuant to Fed. R. Civ. P. 37(b)(2)(C) within 21 days of the date hereof. With respect to the Report and Recommendation portion of this Order, I conclude, and respectfully recommend that Your Honor should conclude, that default should be entered against Defendants, and Plaintiff should be permitted to apply for a default judgment against Defendant

---

[1]Defendant Shawn Pezzementi is not the subject of the instant motion.

Todd Pezzementi on the claim for assault and battery, but that any application by Plaintiff for the entry of a default judgment against Defendants on the claims for violation of the Fair Labor Standards Act and the New York Labor Law and for unpaid wages should be held in abeyance.

## BACKGROUND

The Court assumes the parties' familiarity with the facts as set forth in its April 24, 2017, Order. See Docket # 49 ("April 24 Order"). In the April 24 Order, the Court denied Plaintiff's initial motion to strike Defendants' answer as premature and ordered that the deposition of Todd Pezzementi, both as a representative of Northern Tree Service and in his individual capacity, was to be conducted within 21 days thereof. Id. at 9-10. The Court further ordered that if Todd Pezzementi failed to appear for a deposition within the aforementioned 21-day period, then Plaintiff would be permitted to renew his motion to strike. Id. at 10. In the event that Defendants sought to postpone the deposition on the basis of Todd Pezzementi's medical condition, then they were required to submit to the Court a sworn affidavit from a licensed medical professional stating the reasons why Todd Pezzementi was unable to appear for a deposition within the 21-day period and providing an assessment as to when Todd Pezzementi would be able to appear for a deposition. Id. The Court warned that the failure to submit such an affidavit within the aforementioned 21-day period would preclude Defendants from claiming that Todd Pezzementi's failure to appear for a deposition should be excused for health reasons. Id.

During a telephonic status conference held on April 25, 2017, counsel anticipated that Todd Pezzementi's deposition would be completed within the time ordered by the Court. However, Plaintiff notified the Court in a letter dated May 16, 2017, that Defendants had failed to comply with the April 24 Order and that he anticipated renewing his motion to strike

Defendants' answer. Docket # 53. Later that day, in response to Plaintiff's letter, and thus after the May 15, 2017, deadline for taking Todd Pezzementi's deposition had passed, Defendants' counsel faxed a letter to the Court (which counsel did not file on ECF due to confidential content), claiming that personal issues involving another member of the family (of which Defendants were aware prior to the deposition deadline) were the reason for Todd Pezzementi's failure to appear for a deposition.

The next telephonic status conference was held on May 22, 2017. At the conference, as well as in Defendants' May 16, 2017, faxed letter, Defendants' counsel admitted that he had never spoken to Todd Pezzementi; rather, all of his communications regarding the litigation were with Todd Pezzementi's wife, Defendant Shawn Pezzementi. Nonetheless, Defendants' counsel represented at the conference that Todd Pezzementi would make himself available and provided some possible dates for his deposition. The Court noted Defendants' "repeated delay" and asked Defendants' counsel why it should be excused. The Court noted that Defendants' behavior that had preceded the May 22, 2017, conference, and the failure to comply with the April 24 Order, were "clearly sanctionable." The Court stated that the delay was a "pattern" for which the Court did not understand how there could be an excuse. Defendants' counsel said that he mistakenly did not put the deposition deadline imposed by the April 24 Order in his calendar; his behavior was not intentional. In addition, Defendants' counsel said that he was having trouble getting in contact with his clients. He stated that his failure to contact either Plaintiff's counsel or the Court about these issues was not intentional or for the purpose of delaying the case. The Court was concerned that if it extended the deposition deadline once more, Defendants' counsel would ask for yet more time. The Court said that it was "quite clear" that the behavior of Todd Pezzementi was sanctionable for failing to comply with the April 24 Order. Accordingly, in an attempt both

to remedy the situation and compel compliance, the Court ordered that

> Defendants are to reimburse Plaintiff's counsel for the cost of preparing and filing the letter dated May 16, 2017. Any failure to have Todd Pezzementi's deposition completed by June 2, 2017, will result in a sanction of a daily fine. The daily fine is $50 for each business day which passes until the deposition is completed; it is to be paid to the Court. This part of the order is not subject to any modification.

Docket Sheet, Minute Entry for 05/22/2017.[2] The Court then adjourned the matter until June 5, 2017. Id. At the June 5, 2017, telephonic status conference, Plaintiff recounted that Defendants had proposed three different dates for the deposition, but then cancelled each one. See Braunstein Decl. (Docket # 56) ¶¶ 50-54 (Defendants cancelled depositions scheduled for May 30, June 1, and June 5). Defendants' counsel had no excuse for Defendants' continued noncompliance. Consequently, the Court told counsel that a judgment would be issued against Defendants for the previously stated $50 per business day based on Todd Pezzementi's failure to appear for a deposition. The Court then granted Plaintiff permission to renew his motion to strike Defendants' answer and allowed Plaintiff to include in the motion a request for reimbursement of the costs associated with the cancelled depositions. Docket Sheet, Minute Entry for 06/05/2017. At a June 16, 2017, conference before Your Honor, the Court set a schedule for the motion to strike. Docket Sheet, Minute Entry for 06/16/2017.

Plaintiff has filed both moving and reply papers. Docket ## 56-57. Defendants have filed nothing in opposition. In his motion papers, Plaintiff seeks not only to have Defendants' answer stricken as a sanction for Todd Pezzementi's failure to appear for a deposition, but also to

---

[2]The Court ordered that Todd Pezzementi was to appear for a deposition both as a representative of Northern Tree Service and in his individual capacity.

be reimbursed $300 total in court reporter fees for two no-shows at depositions[3] and $227.50 for the cost of preparing and filing the letter dated May 16, 2017. Braunstein Decl. ¶¶ 55, 57; Reply Decl. (Docket # 57) ¶ 12.[4]

## DISCUSSION

### I. Sanctions under Rule 37

A court may order sanctions under Rule 37(b)(2)(A) "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Possible sanctions may include "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii).[5] "Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his [or her] non-compliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). However, "these factors are not exclusive, and they need not each be resolved against the party

---

[3] Plaintiff seeks reimbursement of the $150 fee assessed by the court reporter for each of Todd Pezzementi's failures to appear for his deposition on January 20, 2017, and June 1, 2017. See Braunstein Decl. ¶¶ 43, 55. However, because the Court's imposition of monetary sanctions is based on Defendants' failure to comply with the Court's orders from April 24, 2017, forward, it declines to award the reimbursement of the court reporter fee for the failure to appear on January 20, 2017.

[4] Plaintiff provides no documentation to support his claim of $227.50 for preparing and filing the May 16, 2017, letter, but as this claim is unopposed by Defendants, the Court accepts Plaintiff's representation as to the cost incurred.

[5] Such sanctions may also be ordered where a party fails to appear for a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3).

challenging the district court's sanctions for us to conclude that those sanctions were within the court's discretion." S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citation omitted).

"Striking an answer, like dismissal or entry of default, 'is a "drastic remedy" generally to be used only when the district judge has considered lesser alternatives' . . . [, and it is] only appropriate if 'failure to comply with discovery orders was due to "willfulness, bad faith, or any fault" of the party sanctioned.' " Pelgrift v. 355 W. 51st Tavern Inc., 14-CV-8934 (AJN), 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23, 2016) (quoting S. New England Tel. Co., 624 F.3d at 144).

## II. <u>Analysis</u>

Plaintiff seeks an order pursuant to Rule 37 "striking pleadings in whole or in part," in this case, Defendants' answer, for their failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(iii). Plaintiff renews his claims that Defendants have improperly delayed this action by switching counsel numerous times, seeking extensions of discovery deadlines, and unilaterally cancelling their scheduled deposition on numerous occasions, and now adds complaints that Defendants have continued in their failure to appear for, and/or cancellation of, their deposition and have disregarded court orders. See generally Braunstein Decl. (Docket # 56).

With respect to the deposition of Todd Pezzementi (hereafter "Pezzementi") as both a representative of Northern Tree Service and in his individual capacity, the Court stated in the April 24 Order that it agreed that Defendants had "failed to provide compelling proof of Pezzementi's inability to appear for a deposition." April 24 Order at 9. Nonetheless, the Court found that "it would be premature to entertain a motion to strike Defendants' answer based on this failure since the only Court-ordered deadline that Defendants have failed to meet is the

6

January 20, 2017, deadline for fact depositions, and rather than seeking an order to compel Pezzementi's appearance at a deposition, Plaintiff sought immediately to move to strike." Id.

The April 24 Order made clear, however, that Defendants were under a court-ordered obligation to have Pezzementi appear for his deposition within 21 days of the date thereof or risk renewal of the motion to strike. Id. at 9-10. Yet Pezzementi failed either to appear for a deposition within the 21-day period or to submit to the Court a sworn affidavit from a licensed medical professional stating reasons why Pezzementi was unable to do so. Then, after being put on notice by Plaintiff's May 16, 2017, letter that Plaintiff would seek to renew his motion to strike, and being ordered by the Court during the May 22, 2017, conference both to reimburse Plaintiff's counsel for the cost of preparing and filing the May 16 letter and to complete Pezzementi's deposition by June 2, 2017, or face sanctions for any failure to do so, Pezzementi still failed to appear for a deposition. Thus, Defendants have failed to obey multiple Court orders to provide or permit discovery, making it impossible for discovery in this case to be completed, and have provided no excuse for their failure to comply. Indeed, they have submitted nothing in opposition to Plaintiff's renewed motion to strike.

Under the circumstances, the imposition of sanctions under the four-factor test set forth above is appropriate.

First, Defendants' non-compliance with the Court's orders is willful. See Baba v. Japan Travel Bureau Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996) ("Noncompliance with discovery orders is considered wilful [sic] when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.") (citations omitted), aff'd, 111 F.3d 2 (2d Cir. 1997). The Court's orders have been clear, Defendants' counsel acknowledged at court conferences that he and his clients

7

understood them, and there is no evidence that Defendants' non-compliance is due to factors beyond their control.

Second, neither the threat, nor imposition, of monetary sanctions in the form of either the daily fine of $50 or the order to reimburse Plaintiff's counsel for the cost of preparing and filing the May 16 letter has served to deter Defendants' non-compliance with the Court's orders.[6] "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." S. New England Tel. Co., 624 F.3d at 148 (citation omitted). Thus, there are no lesser sanctions that could achieve the desired result.

Third, Defendants have failed to comply with the Court's orders to appear for a deposition since the issuance of the April 24 Order, and their failure to respond to the instant motion leads the Court to conclude that their non-compliance will continue indefinitely.

Finally, Defendants have been on notice since the April 24 Order that the Court would entertain a renewed motion to strike their answer if they continued to fail to appear for a deposition, and yet they did so anyway.

---

[6]In addition, the Court allowed Plaintiff to include in his motion to strike a request for reimbursement of the costs associated with the cancelled depositions, and Plaintiff has requested reimbursement of the no-show fees paid to the court reporter. However, pursuant to Rule 37(b)(2)(C), either instead of or in addition to any of the sanctions orders permitted for failure to obey a court's discovery order, "the court **must order** the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); see also Fed. R. Civ. P. 37(d)(3) (same rule in the case of a party's failure to attend its own deposition). As is evident from the Court's discussion herein, Pezzementi's failure to appear for a deposition was not "substantially justified," nor do "other circumstances make an award of expenses unjust." Therefore, the Court grants Plaintiff permission to seek as an additional sanction an award of the attorneys' fees incurred as a result of Pezzementi's failure to appear.

In sum, Defendants' conduct warrants imposition of the drastic remedy of striking their answer. See, e.g., Pelgrift, 2016 WL 817470, at *4 (granting motion to strike answer where defendant's "willful failure to attend his deposition follows a pattern of Defendants failing to respond to Plaintiffs' discovery requests and court orders"). In addition, as set forth in more detail below, the Court orders Defendants to pay the monetary sanctions previously assessed for their failure to comply with the Court's orders to appear for deposition (see Docket Sheet, Minutes Entries for 05/22/2017 & 06/05/2017) and permits Plaintiff to seek an award of attorneys' fees pursuant to Fed. R. Civ. P. 37(b)(2)(C).[7]

## II. Report and Recommendation

Grant of the motion to strike Defendants' answer places Defendants in default, and therefore, I conclude, and respectfully recommend that Your Honor should conclude, that the Clerk of the Court should be directed to enter the default of Defendants Todd Pezzementi and Northern Tree Service pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. However, since Defendant Shawn Pezzementi is not the subject of the instant motion and remains a defendant in the case, I respectfully recommend that Your Honor should hold in abeyance any application by Plaintiff for the entry of a default judgment against Defendants Todd Pezzementi and Northern Tree Service on the claims for violations of the Fair Labor Standards Act and the New York Labor Law, as well as the claim for unpaid wages, as to which Plaintiff claims all

---

[7]Although the Court had threatened that the failure to complete Todd Pezzementi's deposition by June 2, 2017, would result in the sanction of a $50 fine for each business day which passed until the deposition was completed, the Court shall forebear from imposition of such penalty in light of its decision to award Plaintiff his reasonable expenses incurred as a result of Todd Pezzementi's failure to appear for deposition pursuant to Rule 37(b)(2)(C), including the cost of preparing and filing the May 16, 2017, letter, and the court reporter fee for the deposition no-show.

9

Defendants are jointly and severally liable.[8] At the same time, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff should be permitted to apply for the entry of a default judgment against Defendant Todd Pezzementi on his claim for assault and battery, which is based solely on the conduct of Todd Pezzementi and therefore is not subject to joint and several liability, and that Your Honor should set a schedule for the filing of such an application.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's renewed motion to strike Defendants' answer (Docket # 56) is **granted**, and the Court orders Defendants to pay a monetary sanction of $377.50 payable to Plaintiff's counsel ($227.50 for the cost of preparing and filing the May 16, 2017, letter and the $150 court reporter fee for one of the deposition no-shows[9]). The Clerk of the Court is directed to enter a judgment against Defendants Todd Pezzementi and Northern Tree Service, jointly and severally, for the aforesaid dollar amount. Plaintiff is granted permission to apply for attorneys' fees as a sanction pursuant to Fed. R. Civ. P. 37(b)(2)(C) within 21 days of the date hereof.

---

[8]See, e.g., Brogden v. Bize, No. 12 Civ. 1204 (WHP), 2014 WL 77479, at *2 (S.D.N.Y. Jan. 8, 2014) ("[W]e note that defendant Bize is still active in this case, and that plaintiff seeks to impose what amounts to joint or joint and several liability on the two defendants. In that circumstance, we deem it premature to enter a judgment that would award plaintiff specified amounts from the defaulting defendant before a determination as to liability and relief is obtained with respect to the active defendant."); but see Int'l Gemmological Inst., Inc. v. Rafaeil, No. 05 Civ. 2395 (JGK)(JCF), 2005 WL 3880222, at *2-3 (S.D.N.Y. Aug. 17, 2005) (concern with inconsistent judgments is outweighed by concern that delay could jeopardize plaintiff's ability to recover damages from defaulting defendants), adopted by 2006 WL 739822 (S.D.N.Y. Mar. 21, 2006).

[9]If Plaintiff paid the $150 court reporter fee himself, then Plaintiff's counsel must, in turn, reimburse Plaintiff once this money is recovered from Defendants.

It is respectfully recommended to Your Honor that the Clerk of the Court should be directed to enter the default of Defendants Todd Pezzementi and Northern Tree Service pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and that Plaintiff should be permitted to apply for the entry of a default judgment against Defendant Todd Pezzementi on his claim for assault and battery, but that any application by Plaintiff for the entry of a default judgment against Defendants Todd Pezzementi and Northern Tree Service on the claims for violation of the Fair Labor Standards Act, violation the New York Labor Law, and unpaid wages should be held in abeyance.

This constitutes the Decision and Order of the Court with regard to the non-dispositive portions of the motion. With regard to the Report and Recommendation contained herein, the following Notice provision applies:

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of Court with extra copies delivered to the chambers of The Honorable Nelson S. Román at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román.

Dated: August 11, 2017
White Plains, New York

**So Ordered and Respectfully Submitted,**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York