USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/19/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMIRO LEMUS, on behalf of himself and all others similarly situated,

                Plaintiff,

-against-

TODD PEZZEMENTI, SHAWN PEZZEMENTI and NORTHERN TREE SERVICE,

                Defendants.

15-cv-5592 (NSR)(LMS)

ORDER ADOPTING REPORT AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

Ramiro Lemus ("Plaintiff" or "Lemus"), on behalf of himself and those similarly situated, commenced this action against Todd Pezzementi ("Todd"), Shawn Pezzementi and Northern Tree Service ("Northern") (collectively referred to as "Defendants") asserting claims under the Fair Labor and Standards Act ("FLSA") and New York Labor Law ("NYLL"). Following Defendants' appearance and answer, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), this case was referred to Magistrate Judge Lisa M. Smith ("Judge Smith"). During the pendency of discovery, Plaintiff moved for an order striking Defendants' pleadings. On August 11, 2017, Judge Smith issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion be granted (ECF No. 58). For the following reasons, the Court adopts Judge Smith's R&R in its entirety, the motion is GRANTED consistent with this Order and the R&R.

## BACKGROUND

Plaintiff commenced this action on July 17, 2015 (Doc. No. 1). In October 2015, Defendants appeared in the action and filed their answer (Doc. Nos. 6, 7 and 9). By Order, dated December 11, 2015, the matter was referred to Judge Smith for all pre-trial matters (Doc. No. 13). In March 2017, Plaintiff moved, pursuant to Rule 37, for an order striking Defendants' pleadings (answer) on the basis

1

they failed to comply with several discovery deadlines, including not appearing for several scheduled depositions. That motion was denied as premature (See Order, dated April 24, 2017, Doc. No. 49). In her decision, Judge Smith documented a history wherein Defendants changed counsel on multiple occasions, requested and were granted multiple extensions on discovery production deadlines, and unilaterally canceled various court scheduled depositions. Since commencement of this action, Defendants have had four attorneys represent them. The last counsel, the Law Offices of Jimmy Santos, PLLP, filed a notice of appearance in September 27, 2016 (See Doc. No. 30).

Of significance, Judge Smith ordered:

> "the deposition of Todd Pezzementi, both as representative of Northern Tree Service and in his individual capacity …is to be conducted <u>within 21 days of the date of this Order</u> (underlined for emphasis). If Todd Pezzementi fails to appear for a deposition within the aforementioned 21-day period, then Plaintiff shall be permitted to renew his motion to strike. If Defendants seek to have the deposition postponed on the basis of Todd Pezzementi's medical condition, then they must submit to the Court a sworn affidavit from a licensed medical professional stating the reason(s) why Todd Pezzementi is unable to appear for deposition within the next 21 days and providing an assessment as to when Todd Pezzementi will be able to appear for a deposition. Failure to submit such an affidavit within the aforementioned 21-day period shall preclude Defendants from claiming that Todd Pezzementi's failure to appear for a deposition should be excused for health reasons."

Despite the strong wording of Judge Smith's decision, Defendants purportedly made no attempt(s) to make themselves available for the Court ordered deposition. On June 23, 2017, Plaintiff once again moved to strike Defendants' pleadings due to their repeated failure to comply with discovery and Judge Smith's Order (Doc. No. 49). Defendants filed no opposition to the motion. Now before the Court is Judge Smith's R&R which recommends the striking of Defendants' pleadings.

### STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge

2

issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, neither party has filed an objection to the R&R issued by Judge Smith. Accordingly, the Court reviews the recommendation for clear error.

The Court finds no error on the face of the R&R, and adopts the R&R in its entirety. Rule 37(b)(2)(C) provides in relevant part, that when a party fails to comply with a discovery order, the court may "render[ ] a judgment by default against the disobedient party." Although the rule also provides for sanctions that are less harsh, the mere availability of softer sanctions does not bar a court from imposing the default sanction when warranted. *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989).

Judge Smith determined Defendants' repeated failure to appear for deposition warrants the striking of their answer. Such determination was based upon a finding that Defendants' conduct follows a pattern of failing to respond to Plaintiff's discovery requests and court orders. In her Order, dated April 27, 2017, Judge Smith directed Defendant Todd to appear for a deposition on a specified date. Defendant not only failed to appear, but failed to proffer a reasonable excuse for not complying with the court's directive. Such conduct can only be described as a blatant disregard of a lawfully issued order.

## CONCLUSION

For the reasons stated above, this Court adopts Judge Smith's R&R in its entirety. Plaintiff's motion to strike Defendants' answer is GRANTED. Defendants are directed to pay the cost associated with the unjustified cancellation of depositions, and reasonable attorneys' fees (pursuant to Fed. R. Civ 37(b)(2)(C)) consistent with the R&R. The Clerk of the Court is directed to enter defaults against Defendants Todd and Northern pursuant to Rule 55(a). Plaintiff shall be permitted to apply for a default judgment against said Defendants on his claims for assault and battery. Any application for the entry of a default judgment on Plaintiff's claims for violation of the FLSA, NYLL and for unpaid wages is held in abeyance. The Clerk of Court is respectfully directed to terminate the motion (Doc. No. 56).

This constitutes the Court's Order.

Dated: September 19, 2017  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge