UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMIRO LEMUS, on behalf of himself and all others similarly situated,

                Plaintiff,

   - *against* -

TODD PEZZEMENTI and NORTHERN TREE SERVICE,

                Defendants.

15-cv-5592 (NSR) (AEK)

**ORDER**

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

    This matter is currently before the Court for an inquest on damages. ECF No. 77.[1] The Court has reviewed Plaintiff's submission in support of an award of damages, ECF No. 91, and Defendants' submissions in opposition thereto, ECF Nos. 101-102, and has found deficiencies with both. Accordingly, so that there can be a clearer and more complete record, the Court will provide the parties with an opportunity to file supplemental submissions concerning the amount of damages that Plaintiff should be awarded in connection with Defendants' default.

    Plaintiff's submission does not provide sufficient information regarding the overall damages that he seeks. The supplemental submission must include the exact dollar amount that he seeks with respect to *each* of his remaining claims and how Plaintiff arrived at those proposed damages amounts.[2] As regards the assault and battery claim, to the extent that Plaintiff purports

---

[1] The case originally was referred to Magistrate Judge Lisa Margaret Smith, and was reassigned to the undersigned on October 15, 2020.

[2] Judge Román's January 10, 2020 Opinion and Order in this matter indicated that Plaintiff was eligible to receive damages for "Defendants' violations of the overtime provisions of the [New York Labor Law] and [Fair Labor Standards Act], Defendants' violations of the wage notice provisions of the [New York Wage Theft Prevention Act], Defendants' failure to

to rely on medical records in connection with his claim for damages, the medical records that he has submitted are not properly authenticated and cannot be considered by the Court in their current form.  *See, e.g.*, *Jordonne v. Ole Bar & Grill, Inc.*, No. 13-cv-1573 (VB) (JCM), 2016 WL 3409088, at *6 (S.D.N.Y. Apr. 26, 2016) (medical records submitted in connection with an inquest on damages which were not properly authenticated were "inadmissible hearsay documents [that] cannot be considered in the Court's damages determination"), *adopted by* 2016 WL 3360524 (S.D.N.Y. June 16, 2016).  If Plaintiff seeks to have the Court consider these documents, he must submit proper authentication for them.  Moreover, if Plaintiff is seeking damages for pain and suffering in connection with his assault and battery claim, he must provide the Court with citations to analogous cases in which awards of such damages have been approved in order to facilitate the Court's evaluation.  Finally, to support Plaintiff's claim for an award of attorneys' fees and costs, counsel must submit (1) a proper attorneys' fee application sufficient to support a lodestar calculation, including contemporaneous time records and documentation regarding counsel's level of experience and hourly rates; and (2) documentary support for the claimed expenses for service of process, mileage, and a deposition transcript.

Defendants' current submission attempts to contest Plaintiff's claim that he worked 50-55 hours per week and was not paid overtime, but the payroll records that Defendants have submitted to the Court are also not authenticated and cannot be considered without proper authentication.  *See, e.g.*, *Chadha v. Chadha*, No. 16-cv-3739 (ENV) (AKT), 2020 WL 1031385,

---

pay Plaintiff for his final week of work, and Defendant [Todd Pezzementi's] assault and battery of Plaintiff, and into the amount of attorneys' fees and costs due to Plaintiff."  *Lemus v. Pezzementi*, No. 15-cv-5592 (NSR), 2020 WL 133591, at *7 (S.D.N.Y. Jan. 10, 2020).  Though Plaintiff's original inquest submission attempts to seek damages for Defendants' alleged violation of Section 50 of the New York Workers' Compensation Law, Judge Román made clear that Plaintiff is not entitled to damages based on this theory.  *See id.* at *5.

2

at *9 (E.D.N.Y. Mar. 2, 2020) (in calculating damages after default, court declined to consider ledger that "was not attached to any signed declaration attesting to its authenticity and accuracy" and "thus . . . is not admissible"). Furthermore, the payroll records only provide information concerning the dollar amounts, and dates on which, Plaintiff was allegedly paid. They do not establish how many days per week or hours per day Plaintiff worked or what his hourly wage was. Finally, while Defendants purport to provide "true and accurate copies of Lemus's W-2 statements" from 2014, *see* ECF No. 101 ¶ 7, those statements were not attached to the document that was filed with the Court. Accordingly, if Defendants seek to have the Court consider any of these documents, they must provide properly authenticated copies, as well as a sworn statement explaining the information reflected in Defendants' payroll records for Plaintiff.

The parties must serve and file their supplemental inquest submissions by no later than **Friday, July 1, 2022**.

Dated: June 2, 2022
White Plains, New York

**SO ORDERED**,

_____
ANDREW E. KRAUSE
United States Magistrate Judge

3