```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAMIRO LEMUS, *on behalf of himself and all
others similarly situated*,

                        Plaintiff,                 15 Civ. 5592 (NSR) (AEK)

        -against-                                  **ORDER**

TODD PEZZEMENTI and NORTHERN
TREE SERVICE,

                        Defendants.
-------------------------------------------------------------X
```

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

This matter is currently before the Court for an inquest on damages in the wake of Defendants' default. The Honorable Nelson S. Román, the District Judge to whom this case is assigned, granted a default judgment as to Defendants' liability on Plaintiff's claims for (1) violation of the overtime provisions of the FLSA and the NYLL, (2) violation of the wage notice provisions of the WTPA, (3) unpaid wages, and (4) assault and battery. *See Lemus v. Pezzementi*, No. 15-cv-5592 (NSR), 2020 WL 133591, at *7 (S.D.N.Y. Jan. 10, 2020). The matter has been referred to the undersigned for a recommendation as to the amount of damages recoverable by Plaintiff on each of those claims.

Although Plaintiff has submitted a sworn declaration in support of his damages claims, the declaration does not state the dollar amounts Plaintiff was actually paid by Defendants or how Plaintiff was paid (by check or in cash). *See* ECF No. 91-1. Rather, that information is only included as allegations in the complaint, ECF No. 1, and in the declarations submitted by Plaintiff's attorney, ECF Nos. 91, 112. Moreover, Plaintiff provides virtually no other evidence in support of his FLSA and NYLL claims—he includes only the most cursory statement

regarding his weekly employment routine.  *See* ECF No. 91-1 at ¶ 8.  In an inquest on damages after a defendant's default, "damages must be based on admissible evidence." *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) (summary order).  Plaintiff has failed to provide admissible evidence of his unpaid overtime compensation and other unpaid wages in his written submissions, and without further evidence, the Court would lack a sufficient basis to recommend any award of damages for Plaintiff's FLSA and NYLL claims..

Accordingly, the Court hereby schedules an in-person inquest hearing for **Monday, February 6, 2023 at 10:00 a.m.** in Courtroom 250 at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.  Plaintiff must be prepared to offer testimony to support his FLSA and NYLL claims at a minimum, and may offer testimony regarding any of his other claims for damages as well.[1]  In addition, Plaintiff may provide admissible documentary evidence, if any, to substantiate his claims for damages.  Defendants will also be permitted to appear and offer testimony and admissible documentary evidence, if any, regarding the amount of damages to which Plaintiff is entitled.

The Court will hold a telephonic status conference on January 25, 2023 at 11:00 a.m. to discuss the parameters of the inquest hearing and any other logistical matters that may be relevant for the hearing.  To access the teleconference, please follow these directions: (1) dial the meeting number: (877) 336-1831; (2) enter the access code: 2751700; and (3) press pound (#) to

---

[1] Based on the Court's review of Plaintiff's declaration, it appears that Plaintiff will require the assistance of a Spanish-language interpreter for purposes of his hearing testimony. Counsel are reminded that they must supply their own appropriately qualified interpreter for this proceeding.

enter the teleconference as a guest.  Should counsel experience any technical issues with the teleconferencing system, please contact Chambers at (914) 390-4070.

Dated: January 11, 2023
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge