Case 7:15-cv-05592-NSR-AEK   Document 123   Filed 09/29/23   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAMIRO LEMUS,

                Plaintiff,

  -against-

TODD PEZZEMENTI and NORTHEN TREE
SERVICE,

                Defendants.
-----------------------------------------------------------------X

15 cv 5592 (NSR) (AEK)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Ramiro Lemus ("Plaintiff") commenced this against Defendants Todd Pezzementi ("Pezzementi") and Northen Tree Service ("Northern Tree") (collectively "Defendants") asserting claims, *inter alia*, under the Fair Labor and Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime, failure to provide propr wage statements, and for common law assault and battery as against Pezzementi. (ECF No.1.) Pursuant to the Court's order, the Clerk of the Court was directed to enter default judgments against the Defendants. (ECF No. 63.) Thereafter, the Clerk of the Court issued certificates of default. (ECF No. 64.) Defendants moved to vacate the defaults (ECF No. 71), however, the Court denied their application. (ECF No. 78.) By order of reference, the matter was referred to the magistrate judge for a determination on damages (ECF No. 77) on the issue of liability for all "claims sounding in violation of the overtime provisions of the NYLL and FLSA, violation of the wage notice provisions..., unpaid wages, and assault and battery" (ECF No.78 ). On February 6, 2023, the parties, represented by counsel, appeared before Magistrate Judge Andrew E. Krause ("MJ Krause") for a hearing on the issue of damages. (ECF Minute Entry 2/06/2023.)

    Presently before this Court is MJ Krause's Report and Recommendation ("R & R"), awarding Plaintiff damages. (ECF No. 122.) Specifically, MJ Krause recommending that

Plaintiff be awarded as follows: overtime wages in the amount of $12,000; unpaid wages in the amount of $229.25; liquidated damages in the amount of $12,000; (4) pre-judgment interest on the total award of NYLL damages totaling $12,229.25 from December 9, 2013 until the date of entry of judgment at the rate of 9 percent per annum; damages for medical expenses in the amount of $702.25; damages for past pain and suffering in the amount of $20,000, along with pre-judgment interest; $1,100.05 in costs; punitive damages in the amount of $10,000; and post-judgment interest in accordance with 28 U.S.C. § 1961.

It is well settled, that a magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2), (3*).* However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); accord *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d

Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at * 18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

Following MJ Krause's R & R, the parties had until June 30, 2023, to timely object. To date, neither party has filed an objection. Accordingly, the Court reviews the R & R for clear error. Upon a careful review of MJ Krause's comprehensive and well-reasoned R & R, the Court finds no clear error. As noted in the R & R, Plaintiff's testimony and proffered evidence was for the most part uncontested. Moreover, MJ Krause found Plaintiff "credible."

Based on the foregoing, the Court adopts the R & R in its entirety. Accordingly, the Clerk of the Court is respectfully directed to enter a monetary judgment in favor of Plaintiff, in

accordance with the R & R, for : (1)  $12,000.00 representing overtime wages ; (2)  $229.25 in unpaid wages; (3)  $12,000.00 in  liquidated damages; (4) pre-judgment interest on the total award of NYLL damages (*i.e.*, items (1) and (2)) of $12,229.25 from December 9, 2013 until the date of entry of judgment at the rate of 9 percent per annum; (5) $702.25 in  damages for medical expenses ; (6) $20,000.00 in damages for past pain and suffering; (7) pre-judgment interest on the award of damages for past pain and suffering from June 16, 2023, the date of the Report and  Recommendation, until the date of entry of judgment at the rate of 9 percent per annum; (8) $1,100.05 in costs; (9) $10,000.00 in  punitive damages; and (10) post-judgment interest in accordance with 28 U.S.C. § 1961.

      Upon entry of judgment in favor of Plaintiff, the Clerk of the Court is respectfully directed to close this case.

Dated: September 29, 2023  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge, SDNY

4